[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this tax appeal is whether the plaintiff, who was an CT Page 9337 executor of an estate, is personally liable for any taxes due the Commissioner after the estate has been completed and the assets distributed to the beneficiaries.
The plaintiff claims that there are no genuine issues as to any material fact alleged in his complaint and moves for summary judgment in his favor. The plaintiff has submitted an affidavit in which he recites that in accordance with General Statutes § 45a-356, creditors of the estate of Elaine C. Hotchkiss were given 150 days from February 20, 1997 to file claims against the estate, and that the Commissioner's claim for 1994 income taxes was not filed with the executor until November 1998, after the expiration of the claims period. The plaintiff has also submitted with his motion a copy of the order of the Windham Probate Court admitting the will of the deceased, and a copy of the decree of the Probate Court, which approved the executor's final account and ordered a distribution of the assets of the estate to the beneficiaries.
The plaintiff has submitted a memorandum of law in support of his motion. The Commissioner has filed no counter affidavits or memorandum of law in opposition to the plaintiff's motion.
The plaintiff alleges that Elaine Hotchkiss died a resident of Windham, Connecticut on January 23, 1997, and on February 20, 1997, the Probate Court of the District of Windham admitted the will of the deceased and appointed the plaintiff as executor of the estate of Elaine Hotchkiss. The plaintiff further alleges that creditors of the estate were given a period of 150 days to file a claim, in conformity with General Statutes § 45a-356, that the estate was completed on April 2, 1998, and all assets of the estate were distributed to the heirs pursuant to the decedent's Last Will and Testament. The plaintiff further alleges that during the 1994 tax year, Elaine Hotchkiss filed a Connecticut tax return, and on November 19, 1998, the Commissioner issued a notice of deficiency and assessment against the plaintiff with respect to the 1994 income tax return. The plaintiff protested the assessment and petitioned the Commissioner for reassessment. In a notice to the plaintiff dated August 27, 1999, the Commissioner stated that the assessment was proper and legal and denied the plaintiff's petition for reassessment. The plaintiff filed this appeal from the Commissioner's determination pursuant to General Statutes § 12-730.
We are guided by General Statutes § 45a-356, which absolves from personal liability a fiduciary who in good faith distributes all of the assets in the estate to beneficiaries more than 150 days after the fiduciary has been appointed.[1] "After that date, the claim of the creditor is not extinguished, as was the case under prior law after expiration of the claims period, but instead the creditor must pursue his CT Page 9338 rights and remedies against the beneficiaries of the estate." Folsom, R., Connecticut Estates Practice, § 4.2 (1992), pp. 121-22.
The uncontested facts in this case show that the Windham Probate Court set a deadline of 150 days from February 20, 1997 for creditors to file claims, the final accounting was approved by the Probate Court and on February 5, 1998, and shortly thereafter a distribution of all of the assets of the estate was made to the beneficiaries. The distribution of assets was made approximately nine months prior to the Commissioner's notification to the executor on November 19, 1998 of alleged unpaid 1994 Connecticut income tax. Clearly, § 45a-356 protects the fiduciary from personal liability following the distribution of the estate assets.
Accordingly, the plaintiff's motion for summary judgment is granted. Judgment shall enter in favor of the plaintiff, without costs to either party.
Arnold W. Aronson Judge Trial Referee